**IMG-166**                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4616
_____

AKRAM MAHAMMED LEWAL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A022-769-138)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed  July 27, 2011)
_____

OPINION
_____

PER CURIAM

    Akram Lewal petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  We will deny the petition in part and dismiss it in part.

I.

Lewal is a citizen of Afghanistan who became a lawful permanent resident of the United States in 1983. In 1991, he was convicted of conspiring to distribute heroin in violation of 21 U.S.C. § 846 and was sentenced to 293 months of imprisonment. The Government later instituted removal proceedings against him on the grounds that his conviction was for the aggravated felonies of illicit trafficking and conspiracy, see 8 U.S.C. §§ 1101(a)(43)(B), (U), 1227(a)(2)(A)(iii), and a controlled substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i). Lewal concedes the charges. He applied for relief on the ground that he fears being tortured or killed by either the Afghani government or the Taliban. According to Lewal, he faces that prospect because he will be identified as culturally and religiously moderate by reason of his long residence in the United States and his family remaining well-known for operating movie theaters and showing Indian-made movies in the 1970s. He also fears such treatment if the Afghani government or the Taliban learns of his drug conviction.

By order issued July 1, 2010, the Immigration Judge ("IJ") held that Lewal's conviction renders him ineligible for asylum or withholding of removal, which Lewal does not dispute.[1] The IJ concluded that Lewal remains eligible for deferral of removal under the Convention Against Torture ("CAT"), but that he did not meet his burden of showing entitlement to such relief. Lewal appealed to the BIA and also submitted

---

[1] Conviction of an aggravated felony constitutes a "particularly serious crime" that renders aliens ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), and such a conviction for which the sentence is at least five years constitutes a "particularly serious crime" that renders aliens ineligible for withholding of removal, see 8 U.S.C.

2

additional evidence. By order issued November 16, 2010, the BIA dismissed his appeal, construed his new evidence as a motion to reopen or remand, and denied it. In particular, the BIA concluded that the IJ did not clearly err in finding that Lewal did not show it more likely than not that he would be singled out for torture or that any torture by the Taliban would result from governmental acquiescence. The BIA also declined to remand because it concluded that Lewal's additional evidence would not affect the outcome of his proceeding. Lewal petitions for review.

II.

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1). Because Lewal has been convicted of an aggravated felony, however, our jurisdiction extends only to constitutional claims or questions of law and not to factual determinations. See 8 U.S.C. § 1252(a)(2)(C), (D); Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010). We review questions of law de novo, subject to established principles of deference. See Kaplun, 602 F.3d at 265. Lewal has raised two such questions, but they lack merit.

First, Lewal argues that the IJ applied the wrong legal standard for determining whether any torture by the Taliban could be attributed to the Afghani government. As Lewal points out, the IJ relied on several decisions that were overruled in part by our decision in Silva-Rengifo v. Attorney General, 473 F.3d 58 (3d Cir. 2007), and did not expressly apply the standard we set forth therein. But we do not review the IJ's decision in this regard. See Kaplun, 602 F.3d at 265. Lewal raised this issue on appeal to the

---

§ 1231(b)(3)(B)(ii), (iv).

BIA, and the BIA expressly applied the proper standard of governmental acquiescence. (BIA Order at 2-3, A.R. 4-5) (citing and applying, inter alia, Silva-Rengifo and Pierre v. Att'y Gen., 528 F.3d 180 (3d Cir. 2008) (en banc)). Lewal argues that the BIA erred in dismissing his appeal "[d]espite this clear error on the part of the [IJ]," but he does not assert any error in the BIA's own application of the standard and we discern none.

Second, Lewal argues that the IJ improperly focused on his allegations concerning his family's movie business and did not address his claims that he faces torture because of his Westernization or drug conviction. Once again, however, the BIA expressly addressed those claims, and Lewal has raised no constitutional claim or question of law regarding the manner in which it did so. (BIA Order at 2, A.R. 4.)

In addition to these arguments, Lewal takes issue with the IJ's and BIA's assessment of his evidence. Lewal argues that his evidence established a likelihood of torture if returned to Afghanistan and that the BIA erred in declining to remand on the basis of his new evidence because it "clearly supports" his position. We lack jurisdiction to address these factual arguments. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("[A]rguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D).").

In light of the above, we will deny the petition for review to the extent that Lewal raises questions of law and will dismiss it to the extent he does not.

4